# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JERRY J. MEEKS,**
      **Plaintiff,**

    v.                                                      Case No. 14-CV-0850

**WISCONSIN RESOURCE CENTER,**
**PCT TOM,**
**PCT DAVE,**
**PCT EASTERN, and**
**JOSE CALLABRO,**
      **Defendants,**

## DECISION AND ORDER

Plaintiff, Jerry J. Meeks, a state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated at the Wisconsin Resource Center. This matter comes before me on plaintiff's motion for leave to proceed in forma pauperis, plaintiff's motion for production of documents, and for screening of plaintiff's complaint.

The plaintiff has been assessed and paid an initial partial filing fee of $92.92. I will grant his motion for leave to proceed in forma pauperis.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled

to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law.

Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980).

On January 23, 2013, plaintiff was walking down the hallway at the Wisconsin Resource Center. Another inmate, Jose Callabro, asked plaintiff explicit sexual questions. Plaintiff started walking quickly towards the staff and talked loudly to get their attention, but the staff was not paying attention. Callabro then grabbed plaintiff's buttocks. Plaintiff tried to walk away, but Callabro followed plaintiff to his room and forced himself into the room.

Plaintiff cites his right to be free from rape under the Prison Rape Elimination Act and seeks monetary damages and separation from Callabro and the staff members who were aware of the assault.

As an initial matter, I must advise plaintiff that he may not proceed on any claims against fellow inmate Jose Callabro. Callabro was not a government employee or person acting under color of state law. Accordingly, there is no cause of action plaintiff may bring against him under § 1983. See Patel v. Heidelberger, 6 Fed.Appx. 436, 437 (7th Cir. 2001).

Similarly, the Wisconsin Resource Center is not a proper defendant because it is part of the Wisconsin Department of Corrections, which is, in turn, part of the State of Wisconsin. None of those entities is a "person" for purposes of § 1983. See Lapides v. University of Georgia, 535 U.S. 613, 617-18 (2002); Will v. Michigan Department of State Police, 491 U.S. 58 (1989).

As his legal theory, plaintiff references the Prison Rape Elimination Act, 42 U.S.C. § 15601 et seq., but there is no private cause of action under the Act. Nothing in the Act

suggests that it was intended to create a private cause of action and nothing suggests that Congress intended to override the state's Eleventh Amendment immunity. "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." Gonzaga University v. Doe, 536 U.S. 273, 286, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002).

Despite these issues, plaintiff's complaint may give rise to an Eighth Amendment failure to protect claim. The Eighth Amendment's prohibition of cruel and unusual punishment requires prison officials to "take reasonable measures to ensure an inmate's safety." Christopher v. Buss, 384 F.3d 879, 882 (7th Cir. 2004). "To state a claim premised on prison officials' failure to protect him from harm, [plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" Id. The question of defendants' culpability is subjective, but the risk is evaluated on an objective basis - the allegedly dangerous prison condition must deprive an inmate of "the minimal civilized measures of life's necessities." Id. "An objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." Id.

In the subjective stage of the inquiry, deliberate indifference is "something approaching a total unconcern for [plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). A defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

It is at this stage that I must note that plaintiff left many details out of the complaint. For instance, he ends his state of claim with Callabro forcing himself into plaintiff's room. Plaintiff implies that Callabro raped him, but he does not tell the court what happened once Callabro forced himself into plaintiff's room. Nor does plaintiff describe the role of the named defendant officers, where they were, and what they did or did not do. It is possible that the named defendant officers are the people towards whom plaintiff was walking when he talked loudly to catch their attention, but it is not clear whether walking towards staff talking loudly is sufficient to make them aware of facts from which they could draw the inference that plaintiff was facing a substantial risk of serious harm.

There is nothing in plaintiff's complaint as written that suggests that the individual defendant officers "knew of and disregarded an 'excessive risk' to his 'health and safety.'" Christopher, 384 at 882. However, I will give him the opportunity to amend his complaint to include more details. If plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. The amended complaint must be filed on or before **Friday, March 27, 2015**. Failure to file an amended complaint by that date may result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the

amended pleading[.]" Id. at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

On October 20, 2014, plaintiff filed a motion for production of documents, asking defendants to produce the documents listed in 30 days. Plaintiff wants all grievances, complaints, or other documents received be prison staff or their agents concerning the sexual assault that occurred on January 23, 2013. This is plaintiff's first request for these documents, but it is premature. Plaintiff must wait until I have allowed him to proceed on claims and until defendants have been served with the complaint and have filed an answer. Then plaintiff may serve them with a request for production of documents. That request should not be a motion, but simply a request that complies with Federal Rule of Civil Procedure 34. At that time, plaintiff may also ask defendants to answer interrogatories under Rule 33 or requests for admissions under Rule 36. For now, I will deny plaintiff's motion.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for production of documents (Docket #12) is **DENIED**.

**IT IS FURTHER ORDERED** that on or before **Friday, March 27, 2015**, plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $257.08 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account

in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden at the Wisconsin Resource Center.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 25th day of February, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge